[No. D006514. Fourth Dist., Div. One. Feb. 27, 1989.]

HOTEL DEL CORONADO CORPORATION, Plaintiff and Appellant, v.
EMPLOYMENT DEVELOPMENT DEPARTMENT, Defendant and Respondent.

**COUNSEL**

Roger A. Geddes, A. J. Zafis and Timothy R. Binder for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Edmond B. Mamer and Soussan G. Bruguera, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**WIENER, Acting P. J.**—Plaintiff Hotel del Coronado Corporation (Hotel Del) appeals a summary judgment in favor of Employment Development Department of the State of California (Department). We affirm.

I

On April 28, 1981, the Department levied an assessment of $8,084 for unemployment tax contributions pursuant to Unemployment Insurance

Code section 1131[1] on the Hotel Del. The amount of the assessment represented unreported wages of musicians for the period January 1, 1978, to September 30, 1980. The assessment was authorized under section 681 which made certain musicians the statutory employees of the person utilizing their services under certain prescribed conditions.[2] Section 681 was later repealed (Stats. 1982, ch. 1215, § 3, p. 4505, eff. Jan. 1, 1983).

On February 12, 1982, Hotel Del petitioned for review of this assessment under section 1222. Following a hearing the administrative law judge rejected Hotel Del's argument that the repeal of section 681 estopped the Department from pursuing assessments made before the date of repeal. Hotel Del unsuccessfully appealed this decision to the California Unemployment Insurance Appeals Board.

Hotel Del then filed this action seeking a refund of the taxes it had paid under protest. Both parties moved for summary judgment. The court rejected Hotel Del's assertion that the repeal of section 681 eliminated its liability for the assessments made before the date of repeal and denied its motion for summary judgment. The court granted the Department's motion. This appeal ensued.

II

The Department determined Hotel Del filed deficient unemployment tax contributions for the period January 1, 1978, through September 30, 1980. Accordingly it assessed deficiencies against Hotel Del for that period. At the time of the assessment in 1981 section 1110 required the taxpayer to pay such taxes as follows: "(a) Employer contributions . . . are due and payable on the first day of the calendar month following the close of each calendar quarter and shall become delinquent if not paid on or before the last day of that month." Thus under the statute it is clear Hotel Del was liable for the unpaid taxes during the period from April 1, 1978, through October 1, 1980.

---

[1] All statutory references are to the Unemployment Insurance Code of the State of California unless otherwise specified.

[2] Where the entity providing the musicians' services did not have a federal employer number and a reserve account, the purchaser of such services became the employer provided (1) the services of the musicians were performed for a period in excess of one day; (2) the purchaser had a federal employer number and a reserve account established in the unemployment fund; and (3) no other person paid unemployment insurance taxes for the musicians employed under the agreement. (See Stats. 1974, ch. 738, § 2, pp. 1635-1636.)

The Hotel Del says it has no liability because of the application of section 1703, subdivisions (a) and (b),[3] explaining the taxes never became "due and payable" under section 1703, subdivision (a) because neither of the events prescribed by section 1703, subdivision (b)(1) or (b)(2) occurred. It did not file a return showing amounts due and the assessment had not become final. Accordingly, because the statute authorizing the tax no longer exists, Hotel Del claims it is entitled to a refund.

While we concede the creativity of Hotel Del's argument, it is incorrect. Hotel Del fails to distinguish the significant difference between its liability and collection mechanisms which may exist to insure collection of the amount of money representing its liability. Although there may be some situations in which the issue of liability becomes irrelevant because of practical problems associated with collection, there is still a considerable difference between these concepts. It is indeed *possible* to have liability without collection. Here collection is no problem because the taxes have already been paid.

In this case section 681 established Hotel Del's liability before it was repealed. The enactment providing for the repeal did not provide for a forgiveness of all earlier tax liability and the elimination of the department's earlier assessments. The fact the taxpayer challenged the assessment is beside the point. Even though Hotel Del initially attacked the validity of section 681 that issue was not resolved at trial and is not questioned here.

If later repeal of a tax statute could vitiate all earlier liability the typical taxpayer would have little incentive to timely pay his or her taxes. The taxpayer would opt in favor of a challenge and delayed payment approach with the hope—perhaps naive—that the underlying statute establishing liability would be later repealed or modified for the benefit of the taxpayer. Simply stated, acceptance of Hotel Del's position would create havoc in our tax system.

Hotel Del's argument would also result in the retroactive application of the repealing enactment, a disfavored interpretation of the statute (Sutherland, Statutory Construction (4th ed. 1986) § 41 et seq.) contrary to the general rule which precludes retroactivity lacking either express statutory

---

[3] Section 1703, subdivision (a) provides, "If any employing unit . . . fails to pay any amount imposed under this division at the time that it becomes due and payable, the amount thereof . . . shall . . . be a perfected and enforceable state tax lien. . . ."

Section 1703, subdivision (b) provides, ". . . amounts are due and payable on the following dates:   (1) For amounts disclosed on a return received by the director, the date of the notice by the director to the taxpayer of the amount due; (2) For all other amounts, the date the assessment is final."

language or a clear implication of legislative intent to that effect. (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159].)

Hotel Del nonetheless insists that *Southern Service Co., Ltd.* v. *Los Angeles* (1940) 15 Cal.2d 1 [97 P.2d 963] requires reversal. Hotel Del's reliance on *Southern Service* is misplaced.

In *Southern Service* the plaintiff sued to recover taxes alleged to have been illegally collected for the tax year 1933-1934 which the taxpayer had voluntarily paid. Unfortunately for the taxpayer a later amendment to the statute precluded a suit for a refund for taxes voluntarily paid. The court held that payment of taxes under protest was not an involuntary payment. (15 Cal.2d at p. 6.) The court also stated "in the absence of such statute only illegal taxes paid under duress, coercion or compulsion are considered to have been involuntarily paid and therefore recoverable." (At p. 7.) Lacking an express statutory right, the taxpayer had no right to obtain a refund for the taxes voluntarily paid. (At pp. 11-12.) The case before us involves *legal* taxes *voluntarily* paid. *Southern Service* either supports our conclusion or is simply inapplicable. In any event it does not require a contrary holding.

*Disposition*

Judgment affirmed.

Work, J., and Todd, J., concurred.